Filed 8/27/21  P. V. Lerma CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077173 |
| v. | (Super.Ct.No. OCR6263) |
| MICHAEL LERMA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Richard V. Peel, Judge.  Affirmed.

Michael Lerma, in pro. per.; and Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Michael Lerma appeals from an order of the San Bernardino County Superior Court denying his petition seeking dismissal of his conviction for a misdemeanor offense.  We affirm.

1

## BACKGROUND

In 1979, defendant entered a plea of guilty to a misdemeanor charge of being an accessory to possession of narcotic paraphernalia in prison in violation of section 32 of the Penal Code[1] and former section 11364 of the Health and Safety Code. He was sentenced to 365 days in San Bernardino County jail.

In November 2019, while housed in the Los Angeles Metropolitan Detention Center, defendant filed a petition pursuant to section 1203.4a for dismissal of that conviction. In his petition, he averred the conviction was adversely affecting his custody security level at the Federal Bureau of Prisons and dismissal of it would permit him to participate in college courses, vocational training, and drug diversion programs so he could obtain a degree while serving his term.

The court sent a form to the San Bernardino County District Attorney's Office in Rancho Cucamonga requesting a recommendation for disposition of defendant's petition. That office checked the form's option, "Recommends petition be denied," and added a handwritten comment that defendant was convicted in 1989 of violations of sections 4500, 4501, and 4502.

The trial court denied the petition, stating defendant was not eligible for relief because he was currently serving a sentence. Defendant appealed to the County of San Bernardino Superior Court's Appellate Division, which then transferred the matter to this court because defendant was initially charged with a felony, depriving the county of

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

2

appellate jurisdiction over the matter.  We appointed counsel to represent defendant on his appeal.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts.  Counsel suggests the following potentially arguable issue:  whether the trial court erred when it denied defendant's petition for relief under section 1203.4a in light of his current custodial status.  Counsel also requests this court to conduct an independent review of the entire record.

When an indigent defendant takes a direct appeal from the judgment and appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment.  We also recognize that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief.  Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief

3

when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Here, we invited defendant to submit a supplemental brief and he has done so. In his handwritten submission, he argues he should be granted relief because (i) he has served his sentence for his conviction on the violation of section 32, (ii) the record of that conviction has negatively affected his security level within the federal prison system, thereby preventing him from pursuing higher education within that system, and (iii) the People's recommendation that he be denied relief because he suffered additional convictions in 1989 should be rejected because they improperly listed offenses he had not been convicted of. We are not persuaded.

Section 1203.4a permits dismissal only if a defendant seeking relief (i) has served the sentence for the misdemeanor in question, (ii) is not "serving a sentence for *any* offense," and (iii) is not "under charge of commission of *any* crime." (§ 1203.4a, subds. (a) & (b), italics added.) Here, the trial court found defendant was serving a sentence at the time of his November 2019 petition, a fact defendant does not dispute. We note, too, that he entered a Los Angeles County detention center as his address on his petition, and he gave the same address over two months later on his January 2020 notice of appeal. Accordingly, although it appears he completed his sentence for the section 32 misdemeanor conviction, his incarceration at the time of his petition prevents him from being eligible for relief pursuant to section 1203.4a.

4

With respect to defendant's complaint that the misdemeanor conviction is having a negative effect on his ability to secure a lower security level rating within the federal prison system, we are mindful of the problems an incarcerated person may face with respect to the impact of an institution's regulations. That said, we have no authority to grant defendant relief because, as explained *ante*, the trial court did not err when it found he does not qualify under the statute for dismissal of his misdemeanor conviction.

Defendant also claims the People's response to the trial court's request for a recommendation was misleading and deceitful because it listed three Penal Code violations for which he had been convicted in 1989 and, according to defendant, he had only been convicted of violating one of those provisions. He argues that error is not harmless because the People intended to deceive and knew his 1989 conviction was for only one of the listed offenses (one count of violating section 4501, aggravated assault by prisoner other than as provided in section 4500). He requests this court to review the probation report and sentencing transcript from his 1989 conviction, which he states took place in Kern County Superior Court. We decline to do so. The fact of a past conviction, be it for one Penal Code violation or three, has no relevance in this case. As noted *ante*, the trial court found defendant was ineligible to have his misdemeanor conviction dismissed because he was currently serving a sentence for some offense. That conclusion does not change whether he is serving that sentence on

account of any offense listed by the People in their recommendation (whether in error or not) or some other offense not mentioned in the record before us.

In addition to considering the issues raised by defendant in his supplemental brief, we have also exercised our discretion to conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Gallo* (2020) 57 Cal.App.5th 594, and found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

SLOUGH
J.

FIELDS
J.

6